JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 21-00585-DOC-(ADSx) | Date: April 23, 2021 |

Title: JESSICA SPERANZA et al V. PETER PETSCHENIG SHOWJUMPING et al

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION [5]**

Before the Court is Defendants Peter Petschenig Showjumping, LLC, Peter Petschenig, and Nathalie Cooper Petschenig ("Defendants") Motion to Dismiss for Lack of Jurisdiction ("Motion") (Dkt. 5). The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court now GRANTS Defendants' Motion.

**I.   Background**

**A.   Facts**

The following facts are drawn from Plaintiffs Jessica Speranza and Parker Jumpers, LLC's ("Plaintiffs") Complaint (Dkt. 4), Defendants' Motion, and Plaintiffs' Opposition to Defendants' Motion ("Opposition") (Dkt. 12).

According to Plaintiff, Defendants were collectively engaged in the equestrian business, including but not limited to the buying and/or selling of horses for profit and training equestrians. *Id.* ¶ 7. Defendant Peter Petschenig ("Petschenig") is a resident of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00585-DOC-ADS						Date: April 23, 2021
											Page 2

Texas. Compl. ¶ 3. Defendant Nathalie Cooper Petschenig ("Nathalie") is a resident of Texas. *Id.* ¶ 4. Defendant Peter Petschenig Showjumping, LLC ("Petschenig Showjumping") is a Texas Limited Liability Company, with its principle business located in Texas. *Id.* ¶ 5.

Plaintiff Jessica Speranza ("Speranza") alleges that she has known Nathalie for approximately ten years. *Id.* ¶ 13. Speranza previously purchased two horses from Nathalie. *Id.* Speranza is a California resident and Plaintiff Parker Jumpers, LLC ("Parker") is a California Limited Liability Company with its principal business located in the State of California. *Id.* ¶ 2.

On or about January 4, 2019 Speranza traveled to Texas to try out the horse Cavaro DKG ("Horse") for the purpose of purchasing it from Defendants. Opp'n, Ex. 1 Declaration of Jessica Speranza ("Speranza Declaration") at ¶ 6; Mot., Ex. 1, Declaration of Peter Petschenig ("Petschenig Declaration") at ¶ 5. That same day, Plaintiff Speranza signed a contract to purchase the horse in Texas for the total amount of $75,000. Speranza Declaration at ¶ 6; Petschenig Declaration at ¶ 5.

Plaintiffs allege that on or about March 20, 2019, Horse was delivered in California, but Horse arrived severely "dead lame" and Defendants knew that Horse was injured. Compl. ¶ 25. According to Plaintiffs, this has resulted in Horse's inability to be ridden, worked out, trained, or participate in any manner in any equestrian events or competitions. *Id.*

### B. Procedural History

Plaintiffs originally filed their suit in Superior Court of California, Country of Orange on January 14, 2021, bringing the following actions:

(1) breach of written contract - and for rescission;
(2) breach of the covenant of good faith and fair dealing;
(3) fraud and deceit - concealment and for recission;
(4) negligent misrepresentation; and
(5) negligence

*See generally* Compl. Dkt. 4, Ex. A.

On March 29, 2021, Defendants removed the action to this Court and simultaneously filed the instant Motion to Dismiss for Lack of Jurisdiction ("Motion")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00585-DOC-ADS　　　　　　　　　　　　　　　　　　　Date: April 23, 2021
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

(Dkts. 1, 5). On April 6, 2021, Plaintiffs filed an opposition brief ("Opposition") (Dkt. 12), and Defendants replied on March 12, 2021 ("Reply") (Dkt. 14).

## II.　Legal Standard

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). If the motion "is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts.'" *Id.* (citing *Sher*, 911 F.2d at 1361). While a plaintiff cannot rely only on "bare allegations" in the complaint, "uncontroverted allegations in the complaint must be taken as true," and conflicting statements in affidavits must be resolved in the plaintiff's favor. *Id.*

When no federal statute governs personal jurisdiction in a case, "the district court applies the law of the state in which the district court sits." *Schwarzenegger*, 374 F.3d at 800 (citations omitted). California's long-arm statute allows the full exercise of jurisdiction consistent with federal due process; thus, the jurisdictional analysis is the same under California and federal law. *Mavrix Photo, Inc. v. Brand Techs.*, Inc., 647 F.3d 1218, 1223 (9th Cir. 2011) (citing *Schwarzenegger*, 374 F.3d at 800-01).; *see also* Cal. Civ. Proc. Code § 410.10 (West 2020). Federal due process requires that a defendant have "minimum contacts" with the forum state, such that the exercise of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Mavrix Photo*, 647 F.3d at 1223 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight Sys.*, Inc., 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## III.　Discussion

Plaintiffs argue that Defendants have made minimum contacts to support the exercise of personal jurisdiction. Plaintiffs rely on (1) the alleged economic harm they

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00585-DOC-ADS                                        Date: April 23, 2021
                                                                                                         Page 4

have suffered in California as a result of Defendants' acts and omissions, (2) Defendants' awareness that Plaintiffs were California residents, (3) Defendants sold Horse, a good, that was to be delivered in California and that still remains in California, and (4) that Defendants have sold horses to people residing in California. Opp'n at 4-6. Defendants deny that these activities are adequate to establish personal jurisdiction. *See generally* Mot.

### A. General Jurisdiction

Defendants argue—and Plaintiffs' Opposition does not contest—that the Court does not have general personal jurisdiction over Defendant. Mot. at 15-17; *see generally* Opp'n. The Court will therefore consider only specific personal jurisdiction.

### B. Specific Jurisdiction

"For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014). That is, "specific jurisdiction focuses 'on the relationship among the defendant, the forum, and the litigation.'" *Id.* (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775, 104 S. Ct. 1473, 79 L. Ed. 2d 790 (1984)). The Ninth Circuit follows a three-part test for ascertaining whether specific personal jurisdiction obtains:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (citing *Schwarzenegger*, 374 F.3d at 802). The plaintiff bears the burden of demonstrating that the first two elements are satisfied. If the plaintiff fails to do so, then personal jurisdiction is not established; if, on the other hand, the plaintiff succeeds in showing that the first two requirements are met, then the defendant must "present a compelling case" that the exercise of personal jurisdiction would be unreasonable. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 21-00585-DOC-ADS                                                   Date: April 23, 2021
                                                                                                                    Page 5

      The Court need only consider the second element to decide this question. Simply put, Plaintiffs have shown no connection whatsoever between Defendants' alleged wrongdoing and its contacts with California, the forum state. The Ninth Circuit applies a "but for" test to gauge whether the claim arises out of the contacts with the forum state; that is, the second element is satisfied if "the cause of action would not have arisen" had the defendant's contacts with the forum state not occurred. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995). Plaintiffs' claims plainly fail this test.

      In particular, the harms of Defendants' alleged misrepresentation would have occurred irrespective of whether Defendants contacted Speranza in California. And the fact that Plaintiff suffered the economic harms of the alleged misrepresentation in California is irrelevant; these harms were caused by Defendants' alleged misrepresentation of the condition of Horse, which allegedly occurred in its operations in Texas—Speranza went to Texas to purchase Horse and signed the contract in Texas—rather than any of Defendants' alleged contacts with California. Whatever contact Defendants may have with California, Plaintiffs have failed to show that their claims arise from or relate to such contact; there is no but-for link between the contacts and the instant lawsuit.

      As such, Defendants must be dismissed for lack of personal jurisdiction. In these circumstances, the Court also finds that amendment would be futile; the dismissal shall therefore be with prejudice.

### IV.   Disposition

      For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss for Lack of Jurisdiction. Defendant is hereby DISMISSED WITH PREJUDICE.

      The Clerk shall serve this minute order on the parties.


MINUTES FORM 11                                                                  Initials of Deputy Clerk: kd

CIVIL-GEN